Robert J. Trainor, J.
Plaintiff moves for summary judgment and partial summary judgment on various causes of action, and for dismissal of the defendants’ counterclaim. Defendants counter-move for summary judgment, dismissing the complaint.
Defendant, an omnibus corporation, executed certain leases for two station wagons from plaintiff. The said leases were for a period of two years and set forth monthly payments as consideration. Security in the sum of $290 was deposited with the plaintiff. The rental was paid from January, 1962, through November, 1962, but was discontinued thereafter. In accordance with the terms of the leases, the vehicles were repossessed by plaintiff, and an action was instituted to recover the rental *605 for the balance of the term of the lease, repossession charges and legal fees.
As a sole defense to this action, defendant pleads section 62 of the Public Service Law, which prohibits an omnibus corporation from issuing stocks, bonds, notes or other evidences of indebtedness payable for a period of more than 12 months, without the express consent and approval of the Public Service Commission.
Although the opposing papers attempt to establish triable issues of fact to defeat this motion for summary judgment, the answer and answering affidavits merely set up a question of law that can be determined by the court on the instant' motion.
The pertinent section of the Public Service Law (§ 62) which restricts omnibus corporations from issuing long-term obligations without the Public Service Commission’s consent, has been interpreted on several occasions by the appellate courts in this State. The broadest interpretation by the Court of Appeals appeared in People v. County Transp. Co. (303 N. Y. 391) when Judge Conway held that conditional sales contracts for the purchase of buses were included in the restriction.
This court in affording the County Transp. Co. case a most liberal interpretation does not see how leases of equipment can be included and will not expand the effect of that decision beyond its facts, as to do so would strain the interpretation of section 62 of the Public Service Law beyond the breaking point.
Consequently, the motion is granted to the extent that plaintiff is entitled to partial summary judgment on the first cause of action, except as to damages; on the third cause of action, except as to damages; and judgment dismissing the counterclaim. Defendants’ cross motion is hereby denied.